UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THOMAS D. BRIEL,

                    Plaintiff,

                                    MEMORANDUM & ORDER
      -against-                    12-CV-5266(JS)(GRB)

MICHAEL SPOSATO,

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:    Thomas D. Briel, pro se
                    830 Hayes Street
                    Baldwin Harbor, NY 11510

For Defendant:    Pablo A. Fernandez, Esq.
                    Sara Kaye Schwartz, Esq.
                    Nassau County Attorney's Office
                    One West Street
                    Mineola, NY 11501

SEYBERT, District Judge:

        Plaintiff Thomas D. Briel ("Plaintiff"), formerly incarcerated and proceeding pro se, commenced this action on October 17, 2012 pursuant to 42 U.S.C. § 1983 against Defendant Michael Sposato ("Defendant"), described as the "Overseer" of the Nassau County Jail, and several other County defendants,[1] asserting claims of deliberate indifference and violations of due process arising out of Plaintiff's living conditions while housed at the Nassau County Correctional Facility. On June 16, 2014, Defendant

---

[1] By Memorandum and Order dated January 7, 2013, the Court sua sponte dismissed with prejudice all claims against these other defendants. (Docket Entry 5.)

filed a motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Docket Entry 38.) On November 18, 2014, Magistrate Judge Gary R. Brown issued a Report and Recommendation (R&R) recommending dismissal of this action with prejudice. (Docket Entry 39.) For the following reasons, the Court ADOPTS Judge Brown's R&R in its entirety, and this action is DISMISSED WITH PREJUDICE.

BACKGROUND

On March 26, 2013, Judge Brown issued a Scheduling Order outlining the manner in which discovery would proceed in this case. (Mar. 26th Scheduling Order, Docket Entry 13.) In the following year and two months, Plaintiff has repeatedly failed to comply with Judge Brown's directives regarding discovery in this action. Among other things, the Scheduling Order set a discovery cutoff of September 26, 2013, and also directed Plaintiff to submit pretrial filings by October 10, 2013--specifically, a revised narrative statement, an exhibit list, and a summary of witness testimony. (Mar. 26th Scheduling Order at 2.) Despite having been properly served with the Scheduling Order, Plaintiff failed to serve or file his pretrial documents, and also did not respond to Defendant's portion of the proposed pretrial order. (See Def.'s Letter Mot. to Dismiss, Docket Entry 38.)

By Electronic Order dated October 29, 2013, Judge Brown scheduled a discovery conference for December 6, 2013. Plaintiff

thereafter moved for an extension of time to complete discovery (Docket Entry 28), and Judge Brown rescheduled the discovery conference to January 10, 2014 and then to February 7, 2014. The conference was adjourned once more.

On March 14, 2014, the parties finally appeared before Judge Brown by telephone. (Docket Entry 37.) Defendant previously served Plaintiff with interrogatories and document demands a year earlier, but Plaintiff had not responded as of the date of the telephone conference. During the conference, Plaintiff indicated that there were "difficulties with his mail once he was released" from prison. (R&R at 3.) Judge Brown impressed upon Plaintiff the importance of the discovery requests and, given Plaintiff's explanation for failing to respond, Judge Brown granted Plaintiff sixty days (twice the normal amount of time) to respond to Defendant's requests. (Docket Entry 37.) Judge Brown further explained to Plaintiff that a failure to comply might result in sanctions, including a recommendation to the undersigned that this action be dismissed for failure to prosecute. (R&R at 3-4.)

Despite the lengthy extension of time, Plaintiff did not respond to Defendant's discovery requests, nor did he request an additional extension of time. (See Def.'s Letter Mot. to Dismiss.) Accordingly, Defendant moved to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Docket Entry 38.) Plaintiff did not oppose the motion.

3

On November 18, 2014, Judge Brown issued his R&R recommending that the undersigned dismiss Plaintiff's case with prejudice for failure to prosecute pursuant to Rule 41(b). (Docket Entry 39.) After detailing Plaintiff's failures to comply with discovery orders, (R&R at 2-4), Judge Brown considered and weighed the factors required for dismissing an action for failure to prosecute under Rule 41(b), (R&R at 5-6). Judge Brown found the duration of Plaintiff's noncompliance to be substantial and lengthy; that the delay prejudiced Defendant; that Plaintiff received notice that his case might be dismissed if he continued to shirk his discovery obligations; and that dismissal was the only sanction that would an ensure an orderly and expeditious resolution of this matter. (R&R at 5-6.)

On December 3, 2014, Defendant served Plaintiff with a copy of the R&R. (Docket Entry 40.) On December 18, 2014, Plaintiff filed a document titled, "Response To A Report & Recommendation." (See Pl.'s Resp., Docket Entry 41.) The document does not actually object to Judge Brown's findings or his recommendation. Instead, it requests a thirty-day extension of time to "perfect all [d]ocuments requested by the Defendants [sic] attorney." (Pl.'s Resp. at 1.) Plaintiff states that he is seeking this extension "due to being placed in Multiple Homeless Shelters, [a]nd due to having multiple family issues"-- specifically, that one of his uncles passed away, another is

4

"fighting [c]ancer," and a cousin was in a "[s]erious [b]oating [a]ccident." (Pl.'s Resp. at 1.) He also alleges that he has been on sleeping medication "due to these issues." (Resp. at 2.)

## DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609–10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen days of service of the R&R. The time for filing objections has expired, and Plaintiff has not filed objections to Judge Brown's R&R. Rather, Plaintiff has only requested an extension of time to respond to discovery that was initially served over eighteen months ago and re-served early last year. Given the lengthy delay, the Court will not grant Plaintiff, whom Judge Brown has already amply accommodated, another extension of time. Although the Court is sympathetic to Plaintiff's issues, he has repeatedly demonstrated an unwillingness to comply with discovery in this matter dating back nearly two years, and dismissal with prejudice is the appropriate sanction here.

Although Plaintiff has not objected to Judge Brown's R&R, and the Court therefore need not conduct a de novo review of the R&R, the Court has anyway and finds it to be comprehensive and well-reasoned. Before dismissing a case under Rule 41(b), courts should consider whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (citations omitted). The Court agrees with Judge Brown that these factors favor dismissal for the reasons discussed in the R&R. Plaintiff's delays have been substantial, Defendant will be prejudice by further delay, Plaintiff has had notice that dismissal was a possible sanction here, and given Plaintiff's repeated noncompliance, the Court has no confidence that any sanction lesser than dismissal with prejudice will result in a timely and efficient resolution of this case.

Accordingly, the Court ADOPTS Judge Brown's R&R in its entirety. Defendant's motion to dismiss is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE.

CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge Brown's R&R (Docket Entry 39) in its entirety, and Defendant's motion to dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41 (Docket Entry 38) is GRANTED. Plaintiff's request for an extension of time to comply with discovery (Docket Entry 41) is DENIED. Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

The Court certifies that pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and in forma pauperis status is therefore DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mark this matter CLOSED and to mail a copy of this Memorandum and Order to pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: January __28__, 2015
       Central Islip, New York